RONALD WARNER HASTINGS and VICTORIA JEAN HASTINGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hastings v. Commissioner
Docket No. 1309-82
United States Tax Court
T.C. Memo 1982-583; 1982 Tax Ct. Memo LEXIS 163; 44 T.C.M. (CCH) 1328; T.C.M. (RIA) 82583; October 4, 1982. Ronald W. Hastings and Victoria J. Hastings, pro se. Joan J. Fahlgren, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $382.16 in petitioners' 1979 income taxes. Petitioners claim an overpayment. Four issues are presented: (1) whether petitioners are entitled to a dependency exemption deduction for Ronald Hastings' son by a prior marriage; (2) whether petitioners are entitled to a deduction for charitable contributions in an amount greater than *165 that allowed by respondent; (3) whether petitioners are entitled to a business expense deduction for contact lenses purchased by Victoria Hastings; and (4) whether petitioners are entitled to a business expense deduction for the purchase of overalls by Ronald Hastings. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, who resided in North Street, Michigan, at the time they filed their petition in this case, timely filed a joint Federal income tax return for the calendar year 1979 with the Cincinnati Internal Revenue Service Center. Mr. Hastings was divorced from his former wife, Judith Wise (hereinafter "Judith") in 1970. The divorce decree awarded Judith custody of their son Bryan, and ordered Mr. Hastings to pay child support. In 1979, Mr. Hastings paid $1,560 for Bryan's support pursuant to the divorce decree, and $157.36 for medical insurance premiums and other medical expenses. In addition, Mr. Hastings paid $25 for gifts for Bryan. The total support for Bryan was not more than $3,322.37. Petitioners claimed a dependency exemption deduction for Bryan on their return. Respondent disallowed the claimed deduction. *166 Petitioners claimed a deduction for charitable contributions of $232. In the notice of deficiency, respondent allowed an additional $151 -- $40 for cash contributions, and $111 for used clothing donated to the Goodwill Industries for which petitioners had originally claimed a deduction of $50.The fair market value of the clothing so donated was $250.
In 1979 Mrs. Hastings purchased contact lenses for $202.96, for which she claimed a miscellaneous deduction which was disallowed by respondent. She was employed by the Michigan Bell Telephone Company to sell telephone services and equipment over the phone. She needed glasses to read the customer lists and the sales information used by her in her employment. Mr. Hastings purchased overalls for $23.92 in 1979.The overalls were used exclusively for his work as an engineer, they were always left at work, and they were washed in washing machines that were at the job site. The $23.92 was not claimed as a deduction on petitioners' return. They claimed entitlement to such a deduction at the trial. OPINION
In general, the divorced parent who has custody of the child is entitled to the dependency exemption. Section 152(e)(1). *167 [1] An exception to this rule provides that the non-custodial parent is entitled to the exemption if he provides $1,200 or more for the child's support for the calendar year, and the parent having custody of the child does not "clearly establish" that he provided more for the support of the child during the calendar year than the parent not having custody. Section 152(e)(2)(B). The findings of fact shows that Mr. Hastings, the non-customdial parent, provided $1,742.36 for the support of Bryan in 1979. Thus, the burden shifts to the custodial parent, Judith, to clearly establish that she provided more than Mr. Hastings for Bryan's support. Where, as here, the parent having custody is not before the Court as a party, the shifted burden effectively rests upon respondent. [2] This Court has interpreted "clearly establish" to mean a burden of proof greater than a mere preponderance of evidence. , affd. . *168 Respondent did not call Judith as a witness, since the trial was in Detroit and Judith resides near Raleigh, North Carolina. Instead he presented Judith's affidavit and some cancelled checks which were received in evidence without objection by petitioners. That evidence has been carefully considered, but we do not believe that it suffices to "clearly establish" that Judith provided more for Bryan's support than Mr. Hastings. We are not persuaded that the fair rental value of the house where they lived was $600 per month. The evidence establishes that there were more people in the house than the three that Judith used in her computations. The amount of telephone expense attributable to Bryan's support is, we are satisfied, overstated. There are other infirmities. Doing the best we can, we have found that the total cost of Bryan's support was $3,322.37, all of which was provided by Judith and Mr. Hastings. Since Mr. Hastings provided $1,742.36 of that support, he is entitled to claim Bryan as a dependent. Petitioners are sustained on this issue. In regard to petitioners' claimed charitable contributions, the dispute focuses on the fair market value of the clothing donated *169 by petitioner to Goodwill. We have found that value to be $250. . That amount will be used in the computation under Rule 155. Concerning the contact lenses purchased by Mrs. Hastings, section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 provides that except as otherwise provided, no deduction shall be allowed for personal, living or family expenses. One such exception is found in section 213, which allows with qualifications, a deduction for medical expenses. [3]
In our opinion the cost of the contact lenses do not qualify as an ordinary and necessary business expense. , affg. a Memorandum Opinion of this Court, (purchase of dentures by actor to correct speech impediment is a personal expense, not a business expense); *170 (hearing aid purchased by attorney to facilitate law practice is a medical expense, but not a business expense). We find the instant case indistinguishable from the above decisions, and therefore sustain the respondent on this issue. In regard to the overalls purchased by Mr. Hastings, it has long been established that a section 162 business expense includes the cost of uniforms which are required in a taxpayer's employment and which are not suitable for personal wear. However, where the clothing may be used for personal use, we must determine whether the facts indicate that the clothing is so connected with the taxpayer's business that its cost is a proper business deduction. . In the instant case, the evidence persuades us that the overalls were used solely for business, and therefore their cost is deductible. Petitioners are sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. .↩
3. Petitioners are unable to utilize the cost the contact lenses as a medical expense deduction because of the percentage limitation imposed by section 213.↩